## PETITION OF BLOCKLEY ETC. TURNPIKE CO.

APPEAL BY J. L. WILSON ET AL. FROM THE COURT OF COM-
MON PLEAS OF MONTGOMERY COUNTY.

Argued February 5, 1891—Decided February 16, 1891.

When more than two years have elapsed, after a decree of the Court of
Common Pleas granting an amendment to the charter of a turnpike
company, under the act of June 4, 1879, P. L. 91, without an appeal or
certiorari taken, an appeal from an order refusing to annul the former
decree as improvidently made, will be quashed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 167 July Term 1890, Sup. Ct.; court below, number
and term not given.

On November 26, 1887, the Blockley & Merion Turnpike &
Plankroad company presented its petition for the allowance of
certain amendments to its charter. Due proof of publication
was filed on December 19, 1887, and on the same day the court
made a formal order decreeing the amendments as prayed for.

On December 7, 1889, Joseph L. Wilson and others filed
their petition, praying the court, upon the grounds therein set
forth, to annul the amendments of the charter made by the
decree above mentioned. Answer having been filed to the
rule granted, after argument thereof on petition and answer,
the rule, on April 2, 1890, was discharged and the petition re-
fused, WEAND, J. Thereupon the petitioners took this ap-
peal, specifying that the court erred:

1. In refusing the prayer of the petition.

2. In refusing to annul the amendments to the charter as
improvidently granted.

3. In refusing to vacate the said amendments.

—On January 31, 1891, the turnpike company filed a motion
to quash the appeal and certiorari, or to affirm the decree of
the court below.

*Mr. Albert L. Wilson*, and *Mr. Jos. B. Townsend* (with them *Mr. Silas Jones*), for the appellants.

Upon the motion to quash, counsel cited: Act of June 19, 1871, P. L. 1361; Sterling's App., 111 Pa. 35; Groff's App., 128 Pa. 621.

*Mr. A. H. Wintersteen* (with him *Mr. James A. Logan*), for the appellee.

That no appeal lies from the discretionary act of the court, in refusing, after the term, to annul its decree, counsel cited: White v. Leeds, 51 Pa. 187; Gump's App., 65 Pa. 476; Commonwealth v. Davis, 109 Pa. 128; Kendig's App., 82 Pa. 68; and all that is examinable in this court is the regularity of the proceedings: Duff's Road, 66 Pa. 459.

PER CURIAM:

This was an appeal from the refusal of the court below to vacate an order previously made, amending the charter of the Blockley & Merion Turnpike & Plankroad Company. It was alleged that the amendment was improvidently allowed, inasmuch as it authorized the company to extend its road beyond the original termini. The power to amend charters of such companies is conferred by the act of June 4, 1879, when the Court of Common Pleas shall be "of opinion that said alterations are lawful and beneficial." It thus appears that the court below had jurisdiction. Whether this particular amendment was "lawful and beneficial" we cannot now decide, as the matter has passed from our control. No appeal was taken from the order of the court below allowing the amendment within the time required by law. The appeal from the refusal of the court to vacate its order does not help the matter, as it would be doing by indirection what cannot be done directly. The appeal can only be taken from the original order, and the time for that has gone by.*

Appeal quashed.

---

* See act of April 1, 1874, P. L. 50; § 3, act of May 9, 1889, P. L. 158.