## SAGE *v.* RAILROAD COMPANY.

1. An appeal lies here from the final decree of the Circuit Court confirming a sale made under its order.

2. After the term at which such final decree was rendered, any justice of this court may, within the time prescribed by law, allow an appeal, and approve the bond which is to operate as a *supersedeas*.

3. A general appearance waives all defects in a citation.

4. The refusal of the Circuit Court to accept a *supersedeas* bond, when offered during the term at which the decree was rendered, does not take from a judge of that court, or a justice of this court, the power to approve one thereafter.

MOTION. 1. To dismiss the appeal. 2. To vacate the *supersedeas*.

*Mr. H. B. Turner* and *Mr. J. C. Bullitt* in support of the motions.

*Mr. N. A. Cowdry* and *Mr. R. T. Merrick, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case was before us at the last term, upon a motion to dismiss an appeal from a decree entered Oct. 22, 1875, and to vacate a *supersedeas* upon that appeal. We denied the motion to dismiss, but vacated the *supersedeas*. The case is reported in 93 U. S. 412.

After the vacation of the *supersedeas*, the decree of Oct. 22, 1875, was executed, July 18, 1877, by a sale of the mortgaged

property. The master having reported the sale to the court, Sage, Cowdrey, & Buell, who had been admitted as defendants in the suit, for the purpose of an appeal from the former decree, filed exceptions; which were overruled, Aug. 31, 1877; and an order was entered confirming the sale, and directing the master to convey the property sold to the Farmers' Loan and Trust Company, — the purchaser, in trust for the parties interested in the purchase under the provisions of the trust-deed, as defined in the original decree. At the same time, a deed of conveyance executed by the master was presented; and the court ordered that it be delivered to the Farmers' Loan and Trust Company, and recorded. Afterwards, during the same day, Sage, Buell, & Cowdrey, in open court, prayed an appeal to this court, from certain orders entered in the cause, Oct. 21, 1875, and from the decree of confirmation, and "each and every other order made in the cause, Aug. 31, 1877." They also asked that security for a *supersedeas* might be accepted and approved. The court entered an order allowing the appeal; but refused to accept a *supersedeas* bond, or, as it is expressed in the order, refused the *supersedeas*. The bond for the appeal was fixed at $1,000, to be made to the clerk of the court, in trust for whom it might concern, approved by one of the judges of the court, and filed within thirty days. No bond of any kind was executed at that time.

On or about the 15th of September, 1877, Sage, Buell, & Cowdrey presented to Mr. Justice Hunt, of this court (and a justice assigned to a different circuit from that in which the district of Iowa is situated), a petition setting forth the taking of an appeal by them, in open court, from the order of Aug. 31, and its allowance; and stating, further, that "no *supersedeas* bond was given or approved." They thereupon tendered a bond, payable to the clerk of the court, in the sum of $20,000, which they asked that justice to approve and allow "to operate as a *supersedeas* bond in the . . . cause." The security being satisfactory, the bond was "approved to operate as a *supersedeas* when the same was filed in the office of the clerk of the Circuit Court of the United States at Des Moines, Iowa;" and it was so filed Sept. 22, 1877.

On the 24th of September, 1877, Sage and Cowdrey executed

another bond, payable to the clerk, in the sum of $1,000, conditioned according to law, for a *supersedeas;* which was approved by the district judge for the district of Iowa, and filed in the clerk's office, Oct. 11, 1877.

The appellees now move to dismiss the appeal; or, in case that motion shall not be granted, for a vacation of the *supersedeas.*

1. As to the appeal.

It is clear that this appeal does not bring up for examination the orders of Oct. 21, 1875. Every proceeding in the cause which was prior to Oct. 22, 1875, must be examined, if at all, under the appeal from the decree of that date still pending here.

The only order made Aug. 31, 1877, which is in the nature of a final decree, is that confirming the sale, and directing the conveyance to the purchaser by the delivery of the deed presented and approved.

We have often decided that a decree confirming a sale, if it is final, may be appealed from. *Blossom* v. *Railroad Company*, 1 Wall. 655; *Butterfield* v. *Usher*, 91 U. S. 246. In this case it is final, so far as title under the sale is concerned. It cuts off the equity of redemption by the railroad company and the junior mortgagees and general creditors, except as provided in the decree of Oct. 22; and passes the title to the purchaser, subject to certain trusts already fixed by the court, over which the present appellants have control only through their appeal from the former decree. No reversal of any order hereafter made will necessarily divest this title. The proceedings hereafter will relate only to the disposition of the property acquired by the purchase and the proceeds of the sale. For relief against the sale, resort can alone be had to an appeal from the decree of confirmation.

2. As to the *supersedeas.*

The statute makes no provision in terms for the form of the allowance of an appeal (Rev. Stat., sect. 692); but as there can be no appeal without the taking of security, either for costs or costs and damages, and this is to be done by the court, or a judge or justice, the acceptance of the security, if followed when necessary by the signing of a citation, is, in legal effect, the allowance

of an appeal. If the security is given and accepted in open court during the term at which the decree appealed from is rendered, no citation is necessary; because the parties, being presumptively present during the whole term, are charged with notice of all that is done affecting their interests. Whenever, therefore, security for an appeal is accepted during the term, an appeal is allowed. If the security is taken out of court, and after the term, a citation should be issued to bring in the parties, unless they voluntarily appear; for, until the security has been accepted, the allowance of the appeal cannot be said to have been perfected.

Whoever can sign a citation may allow an appeal; and by sect. 999, Rev. Stat., it is provided that this may be done by a judge of the Circuit Court or a justice of this court. The power is not confined to the justice assigned to the particular circuit in which the court that rendered the decree is held. When, therefore, Mr. Justice Hunt accepted the security in this case, he allowed an appeal, which, by reason of the form of the security, was to operate as a *supersedeas*. No question in respect to a citation arises, because the appellees have appeared.

The refusal of the Circuit Court to accept a *supersedeas* bond when offered during the term, did not necessarily take from a judge of that court, or a justice of this court, the power to approve one thereafter. It is true that the bond accepted in this case recites an allowance of an appeal in open court; but this is mere surplusage, and does not affect either the appeal or the validity of the bond. It may be that the form of the application was one calculated to mislead the judge, and that it did do so; but the fraud, if any, was not such as, in our opinion, would justify us in setting aside what has been done. We are satisfied that the appellants were entitled to their appeal; and that, if taken in time, the *supersedeas* followed as a matter of law upon the giving of the necessary security. We ought not to set aside a *supersedeas*, in a case like this, simply because the justice who approved the bond, and thus allowed the appeal which operated as a *supersedeas*, might have sent the appellants to another judge with their application, if he had known all the facts.

We are not now called upon to determine the effect of the

*supersedeas* which has been obtained; but we are of the opinion that, to the extent it may properly operate as a stay of proceedings, it must be sustained.

The motions to dismiss the appeal and vacate the *supersedeas* are consequently

*Denied.*