37 P.(2d) 800

**SHORTLE et al. v. McCLOSKEY et al.**

No. 4022.

Supreme Court of New Mexico.

Oct. 1, 1934.

Rehearing Denied Dec. 1, 1934.

T. W. Gibson, of Albuquerque, for appellants.

John F. Simms, of Albuquerque, for appellees.

BICKLEY, Justice.

On the 21st day of October, 1933, the plaintiffs obtained a final decree by default, including a foreclosure on real estate with the appointment of a receiver and special master. On March 5, 1934, the receiver and special master filed his report of sale and account, and on the same day, March 5, 1934, the sale was confirmed and the account approved. On March 30, 1934, appellants in one application prayed an appeal from the final judgment and from the order confirming the sale, and on the same day in one order the district court granted the appeal from the final judgment and from the order confirming the sale.

Appellees present a motion to dismiss this appeal upon the following grounds:

(1) Because the appellants have' without authority of law attempted to review by one appeal, prayed for and granted by the district court on March 30, 1934, a final judgment and decree entered on the 21st day of October, 1933, and an order of confirmation of sale made thereafter, to wit, on March 5, 1934.

(2) Because as to the appeal from the order of confirmation made and entered on the 5th day of March, 1934, this court has no jurisdiction to entertain the same because the appeal was prayed for and granted more than 20 days after the entry of said order of confirmation.

■ In support of the first point, movant urges that the appeal is duplicitous. Counsel quotes 3 C. J., page 355, note 58, as follows: "As a general rule, two separate judgments, decrees, or orders cannot be brought up for appellate review by one writ of error or one appeal."

The text goes on to say that this is especially true where the parties necessary and proper to a review of one of the judgments would not be proper to a review of the other. The text proceeds: "* * * For the purpose of an appeal, an order confirming a sale in a foreclosure suit and an order for a judgment for deficiency, may be considered as one, although in fact entered separately; and other exceptions or apparent exceptions to the general rule have been recognized."

However that may be, we think the first point of the motion not well taken because of section 3 of rule XIV, which provides that: "No motion to dismiss an appeal or writ of error * * * where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof." Counsel for appellee has shown no prejudice by reason of the duplicity.

We think the second ground of the motion is well taken.

■ The order confirming the sale is a final order affecting a substantial right made after the entry of final judgment. See rule II, section 2, Rules of Appellate Procedure; Armijo v. Pettit, 34 N. M. 559, 286 P. 827; Cooper v. Brownfield, 33 N. M. 464, 269 P. 329. We are unable to construe the application for the order granting same as an appeal from the order overruling motion to set aside and vacate order approving the report of the receiver and special master and confirming sale.

Indeed the appropriateness of such motion to set aside the order of confirmation may well be doubted. It is not apparent that all the objections to confirmation of the sale which were made in the motion to set aside the order could not have been made to the motion for confirmation of the sale. Appellants had their day in court upon their objections to the confirmation of the sale, being present in court when the same was argued. It was an appealable order. Wiltsie on Mortgage Foreclosure (4th Ed.) § 728; Armijo v. Pettit, supra; Cooper v. Brownfield, supra.

If the order confirming the sale were not a final order confirming such sale it would not be an appealable order, and appellant would be confronted with the proposition that an order refusing to vacate a nonappealable order is not appealable. Los Alamos Ranch School v. State, 35 N. M. 122, 290 P. 1019.

Whether an appeal lies from an order refusing to vacate "final orders affecting a substantial right made after the entry of final judgment" is a question not argued and which we need not decide.

Appellants took exceptions to the order confirming the sale and let the time go by for taking an appeal. We cannot give the motion for appeal and the order granting same a strained construction which would accomplish by indirection what cannot be done directly.

This was the view taken by the Supreme Court of Pennsylvania in Appeal of Wilson et al., 140 Pa. 177, 21 A. 257. The court holding (syllabus): "Where no appeal is taken in time from an order of court amending the charter of a turnpike company, the propriety of such order cannot be questioned on appeal from a subsequent order refusing to vacate the amending order."

The court saying: "No appeal was taken from the order of the court below allowing the amendment within the time required by law. The appeal from the refusal of the court to vacate its order does not help the matter, as it would be doing by indirection what cannot be done directly."

The appeal from the order confirming the sale not having been taken within 20 days after the entry thereof is dismissed. In other respects the motion is denied, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.