[Civil No. 4396. Filed September 22, 1941.]

[117 Pac. (2d) 90.]

PARAMOUNT PICTURES, INC., and EMPLOY-
ERS' LIABILITY ASSURANCE CORPORA-
TION, LTD., Petitioners, v. L. C. HOLMES,
E. T. HOUSTON and LYNN LOCKHART, Mem-
bers of and Constituting The Industrial Commis-
sion of the State of Arizona, THE INDUSTRIAL
COMMISSION OF THE STATE OF ARIZONA
and GEORGE C. EDWARDS, Administrator of
the Estate of James L. Edwards, Respondents.

Mr. Theodore G. McKesson, for Petitioners.

Mr. Rouland W. Hill and Mr. Howard C. Twitty, for Respondent Industrial Commission.

Mr. H. H. Baker and Mrs. Nellie T. Bush, for Respondent Edwards.

LOCKWOOD, C. J.—This is an appeal by Paramount Pictures, Inc., appellant, and another, from an award of the Industrial Commission of Arizona, made in favor of George C. Edwards as administrator of the estate of James L. Edwards, deceased. Appellee urges that the award should be affirmed for the reason that the case has previously been before us in *Paramount Pictures, Inc., et al.* v. *Industrial Commission et al.*, 56 Ariz. 217, 106 Pac. (2d) 1024, and that the issues upon which it is urged we should reserve this award could and should have been presented to the court in the previous appeal, and cannot, therefore, be brought before us now.

The first appeal was from an award of the commission in favor of James L. Edwards, for injuries received by an accident arising out of and in the course of his employment by Paramount Pictures, Inc. In this award the commission gave Edwards $1,322.75 as compensation for his injuries, and also directed the payment to him of some $4,908 for medical attendance necessitated by reason of the accident, for which petitioner had already paid or was obligated to pay. As shown by the record in this court, appellant urged as grounds for its appeal that the condition which caused the necessity for medical attendance to Edwards, and which ultimately resulted in his death,

was not the result of an injury caused by an accident arising out of and in the employment of Edwards by appellant; that there was no evidence as to the amount of his wages at the time of the injury; that a report of the injury was not made in the time required by the statute; that the medical and hospital expenses awarded to Edwards were not made necessary by any compensable injury sustained by him, and that he had died since the appeal, and under our decision in *Sorenson* v. *Six Companies,* 53 Ariz. 83, 85 Pac. (2d) 980, the right to an award of compensation did not survive to the administrator. We held the administrator could not recover the compensation but could recover for medical expenses which deceased had paid, or for which his estate had become obligated. Under the peculiar provisions of the compensation law we could not modify the award accordingly, but were compelled to set it aside and return the matter to the commission for a new award in accord with our opinion.

The record showed in detail the nature of the medical attendance for which the award was made, the circumstances under which it was given, and the amount allowed for each item, but nowhere in its brief or oral argument did appellant claim that the amount allowed for such attendance was excessive or that the manner in which it was given was in any way improper or violated any of the rules of the commission. Certainly on the record this objection, if it was a valid one, could and should have been raised on the first appeal, for the evidence regarding the issue was identical with that on which the present award is based. The instant appeal is based solely on the objections (a) that many items of the medical attendance violated certain rules of the commission as to the time and manner in which they should have been given, and

(b) that the amount charged therefor was in excess of that permitted by the rules of the commission.

We have held that appeals from a judgment may not be taken piecemeal, and that any question which could and should have been raised on the first appeal may not be presented to nor considered by this court on the second appeal. As was said by this court in *Arizona-Parral Min. Co.* v. *Forbes,* 16 Ariz. 395, 146 Pac. 504, 506, quoting from *Ohio Valley Trust Co.* v. *Wernke,* 179 Ind. 49, 99 N. E. 734:

" 'As was said in the case last cited [*Stevens* v. *Templeton,* 174 Ind. 129, 91 N. E. 563], appeals cannot be allowed by piecemeal. There must be an end to them as speedily as the contention of litigants may be advanced and decided. So it is that all questions reserved for review by an appellate court must be presented on the first appeal thereafter from a final judgment, or not at all; for thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly affirmed or reversed will, by implication, be deemed affirmed.' "

See, also, 5 C. J. S., Appeal and Error, § 1825, and cases cited.

It is unnecessary and improper under our decisions to consider the matters urged by appellant in support of the present appeal, and the award is, therefore, affirmed.

McALISTER and ROSS, JJ., concur.