44 So.2d 568

**MARTIN v. CULPEPPER et al.**

**7 Div. 958.**

Supreme Court of Alabama.

Jan. 19, 1950.

Rehearing Denied March 9, 1950.

Orme & Porter, of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellees.

LIVINGSTON, Justice.

The appellant filed her original bill of complaint against the appellees in the Circuit Court, in Equity, of Etowah County, Alabama, seeking to quiet the title in appellant to certain described lands located in Etowah County and to cancel whatever cloud appellees may hold upon appellant's title thereto. The original bill was filed on May 20, 1942. Appellees Culpepper and Robinson interposed demurrers to the bill on June 23, 1942. The remaining appellees interposed demurrers to the bill on September 16, 1942. These demurrers were overruled to the bill of complaint as a whole, but sustained as to that aspect of the bill seeking to cancel instruments held by the appellees as constituting clouds upon appellant's title. Appellees then filed their answer and cross bill, which answer and cross bill was in turn answered by appellant, and which answer appellant subsequently amended.

Later appellant filed what she termed an "amended bill of complaint," in which she recast her pleadings and which is in effect a substitute bill in lieu of the original bill. In the amended bill of complaint the appellant claims title by adverse possession to only an undivided one-half interest in the lands involved and acknowledges that at all times the other undivided one-half interest in the property vested in the United States. Appellees demurred to the "amended bill," which demurrer was sustained on July 21, 1943, and a decree entered dismissing the bill and taxing appellant with the costs.

Thereafter, on October 28, 1943, appellant filed another amended bill in which she claimed to own the entire fee in the lands involved, and to be in peaceable possession of the property, and to quiet title against the claims of the appellees. Appellees filed objections to the amended bill of complaint and moved the court to strike it from the files. This motion was granted and the amended bill stricken on February 7, 1944.

The cause then proceeded to a final decree on appellees' cross bill and on November 7, 1947, the court entered a decree to the effect that appellees Culpepper and Robinson only owned a leasehold interest in an undivided one half interest in the property, which leasehold interest expired, and that the other appellees owned a fee simple title in and to an undivided one-half interest in said property, each owning an undivided one-fifth interest. The present appeal from the decree of November 7, 1947, was perfected on April 19, 1948.

■ Only five alleged errors are assigned for review. Assignments of error 1, 2 and 3 are predicated upon the decree rendered against appellant on July 21, 1943. This decree dismissed appellant's amended bill of complaint. It constituted a final decree from which an appeal must be taken within six months from its rendition. Section 788, Title 7, Code of 1940; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Savage v. Savage, 246 Ala. 389, 20 So.2d 784; Crowson v. Cody, 215 Ala. 150, 110 So. 46; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Pritchett v. Wilson, 239 Ala. 146, 194 So. 176.

414

■ The appeal before us is from the final decree rendered on November 7, 1947. Other final decrees rendered more than six months before that date are not reviewable on this appeal. Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Batson v. Graham, 236 Ala. 72, 181 So. 260; Williams v. Knight, 233 Ala. 42, 169 So. 871. It follows that assignments of error 1, 2 and 3 present matters not now reviewable.

■ Assignments of error 4 and 5 question the correctness of the court's decree of November 7, 1947, and present for review only questions of fact as developed by the evidence. The cause was submitted on the depositions of witnesses and not on testimony heard ore tenus by the trial court. In such a case no presumption prevails as to the correctness of the court's finding of facts and it is our duty here to sit in judgment on the evidence. This duty we have performed and our conclusion is that the decree appealed from is not erroneous.

Appellees, other than Culpepper and Robinson, introduced evidence tending to show record title in them to an undivided one-half interest in and to the eighty acres of land involved, extending back to the United States Government.

On the other hand, appellant relied upon a tax deed dated in 1921 for color of title; the payment of some taxes; acts indicating possession of the property by her uncle who was her predecessor in title; inheritance by her and others from said predecessor and deeds from said others to appellant. Appellant also sought to establish title to said lands by a gift from her uncle, but the evidence to establish such a gift was wholly inadequate.

We deem it unnecessary to here repeat the well understood and often repeated principles underlying the acquisition of title to lands by adverse possession. The following authorities will suffice for that purpose. Kidd v. Browne, 200 Ala. 299, 76 So. 65; McDaniel v. Sloss-Sheffield Steel & Iron Co., 152 Ala. 414, 44 So. 705, 126 Am.St.Rep. 48; Eureka Co. v. Norment, 104 Ala. 625, 16 So. 579; Reddick v. Long, 124 Ala. 260, 27 So. 402; Doe, ex dem. Standifer v. Styles, 185 Ala. 550, 64 So. 345; Snow v. Bray, 198 Ala. 398, 73 So. 542.

■ As against the record title of appellees, other than Culpepper and Robinson, the evidence introduced by appellant to establish title by adverse possession was not sufficient. This is in accord with the finding of the trial court.

Affirmed.

BROWN, SIMPSON and STAKELY, JJ., concur.