331 P.2d 1096

Lee REDMAN, d.b.a. Lee Redman Equipment Company, Appellant,

v.

Earl WHITE, Appellee.

No. 6266.

Supreme Court of Arizona.

Nov. 26, 1958.

Paul H. Primock, Phoenix, for appellant.

Locklear & Wolfinger, Prescott, for appellee.

UDALL, Chief Justice.

November 19, 1952, plaintiff-appellant Lee Redman, d. b. a. Lee Redman Equipment Co., instituted suit against Earl White, defendant-appellee, for the sum of $233.99, on a balance claimed due for goods, wares and merchandise sold to defendant. Plaintiff caused a writ of attachment to be issued, and on March 19, 1954 the Sheriff of Yuma County levied upon the following personal property belonging to defendant, viz.: one International Harvester Company drill rig; one homemade house trailer 22′ x 8′. The parties will hereinafter be designated as plaintiff and defendant.

Default was duly entered, since the defendant failed to answer. On September 21, 1954 a hearing was held at which the plaintiff adduced evidence. Whereupon the court entered a formal written judgment in favor of plaintiff and against defendant for the sum of $233.99, plus interest, and the additional sum of $53.60 as costs. It was also ordered that the attachment be foreclosed and "so much of the property as may be necessary" sold under execution. A special execution issued, and according to the sheriff's return of sale, which bears date November 20, 1954 (but was not filed with the clerk of court until May 11, 1955), all of said property was regularly noticed for sale and sold on November 5, 1954 to the plaintiff, Lee Redman, for the sum of $330.

Defendant, on March 24, 1955, filed a motion to vacate and set aside the execution sale upon the following grounds, viz.: (1) the drill rig was exempt from sale under the statute; (2) a misdescription of the rig, i. e., it was in fact a Fort Worth spudder and not an International Harvester drilling rig; and (3) the sale was a nullity because of the gross inadequacy of the price for which the property was sold, it being alleged that said equipment was worth at least $3,500. (This figure was supported by a separate affidavit of defendant.) The trial court, on May 11, 1955, conducted a hearing on said motion at which time both parties were represented. Evidence was taken but there is not before us a reporter's transcript of any of the court proceedings had in these matters. Thereafter, on July 16, 1955, the court, without specifying the bases for its ruling, directed the entry of this minute order, viz.:

"It Is Ordered, setting aside Execution Sale and continuing in force a lien of the plaintiff upon the property levied upon by the plaintiff by virtue of the Writ of Attachment."

On August 18, 1955, plaintiff filed a motion to set aside the order vacating execution sale. On August 26, 1955, the defendant moved the court for an order dis-

missing plaintiff's motion, supra, upon the ground that same

> " * * * was and is dilatory and was and is of no force and effect by reason of the fact that it was not timely and not filed within ten days * * *."

The court, on September 21, 1955, conducted a hearing on said motions, then asked for legal briefs and took the matter under advisement and it was not until December 7, 1955 that the court ruled thereon "denying the Motion to Vacate the Order vacating and setting aside the Execution Sale." Thereafter, on February 1, 1956, the plaintiff gave notice of appeal from this last order.

Defendant challenges our jurisdiction to entertain this appeal and urges that the appeal should be dismissed. In support thereof he submits the following proposition of law, viz.:

> "This court is without jurisdiction to entertain this appeal, for the reason that the appellant failed to seek a review of the order of July 16, 1955, vacating the execution sale, within the time permitted by law, or to file notice of appeal from said order within the time prescribed by law."

If this proposition is sound, and we believe it is, there will be no occasion to consider the two assignments of error advanced by plaintiff.

It is well to make clear that the validity of the original judgment entered in this case is in nowise being called in question.

While there is no rule of court or statute in Arizona governing the matter, there can be no question but that in this jurisdiction an execution sale may be set aside on motion in the court which issued the process or in an independent action in a court possessing equitable jurisdiction. See, McCoy v. Brooks, 9 Ariz. 157, 80 P. 365; Smith v. Arizona Engineering Co., 21 Ariz. 624, 193 P. 303; Citizens' State Bank v. McRoberts, 29 Ariz. 173, 239 P. 1028. See also, 33 C.J.S. Executions §§ 237 and 238; and 21 Am.Jur., Executions, section 634. The time within which such a motion can be made is likewise not prescribed; however, the accepted rule is that it must be made without unreasonable delay. See, 33 C.J.S. Executions § 238 b, and the above named Arizona decisions. In the Smith case, supra, nine months elapsed. In the instant case the motion was filed within less than five months after the sale. We must assume—in the absence of a transcript—that the trial court exercised a sound discretion based on sufficient evidence in holding that defendant's motion to vacate the execution sale was made without unreasonable delay.

Furthermore there can be no question but that the order vacating the sale, dated July 16, 1955, was an appealable

order under section 21–1702, A.C.A.1939 (now A.R.S., section 12–2101, subd. F). Plaintiff, however, did not see fit to appeal from this order but instead used a procedure not sanctioned by law, i. e., 33 days thereafter he made a motion to vacate the order setting aside the sale, which was not ruled upon until December 7, 1955. We hold that this latter order is not an appealable order, hence we have no jurisdiction and the appeal must be dismissed.

It is so ordered.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.