**T. H. BOROUGHS and Blanche Boroughs, Plaintiffs in Error,**

**v.**

**W. W. WHITLEY, Defendant in Error.**

**No. 38826.**

Supreme Court of Oklahoma.

June 20, 1961.

Tom S. Williams, Oklahoma City, for plaintiffs in error.

Ernest W. Smith, Henryetta, and Kennedy & Kennedy, Oklahoma City, for defendant in error.

IRWIN, Justice.

T. H. Boroughs and Blanche Boroughs, plaintiffs in error, commenced proceedings to quiet title to property occupied by them as their homestead, against the lien of several judgments which had been filed by the several defendants. The trial court quieted plaintiffs' title against the liens of all the defendants except the lien of defendant W. W. Whitley. Plaintiffs appeal from a judgment rendered in favor of W. W. Whitley wherein it was decreed that Whitley had an equitable lien upon the property in the amount of $1,459.77.

The basis for Whitley's alleged equitable lien is that in cause No. 136,423, in the District Court of Oklahoma County, Oklahoma, he commenced an action against T. H. Boroughs for an accounting of partnership funds and judgment was rendered in his favor for $10,000, for his share of the partnership funds; that nothing has been paid on the judgment; that T. H. Boroughs paid off a mortgage on the property involved out of Whitley's share of the partnership funds which Whitley contends constituted payment money for the property.

Plaintiffs (Boroughs) contend that there is no evidence that any money that should have been paid to Whitley out of the partnership funds was used to make the mortgage payments; and that a judgment lien does not attach to a homestead.

The facts disclose that the Boroughs purchased the property involved in 1942 and have continually occupied the same as their homestead. In 1949 they deeded the property to the Gordons who executed a $9,000 mortgage to the Capitol Hill Building and Loan Association. That same year the Gordons deeded the property back to the Boroughs who assumed and agreed to pay the mortgage indebtedness.

The evidence discloses and the trial court found that Boroughs received as partnership assets the sum of $15,000 on June 1, 1954, and the sum of $7,500 on August 11,

1954; that on March 16, 1955, Boroughs opened an account with and deposited $7,000 in the Pawnee National Bank of Pawnee, Oklahoma; that Boroughs maintained a balance in the account from March 16, 1955, to July 26, 1955, an amount more than sufficient to pay the monthly amounts shown to have been paid by Boroughs on the mortgage; that Boroughs paid upon the mortgage indebtedness the sum of $1,459.77 between June 1, 1954, and July 26, 1955.

■ In Fidelity & Deposit Co. of Maryland v. Rankin, 33 Okl. 7, 124 P. 71, 72, we held:

"If a party mixes trust funds with his, the whole will be treated as trust property, except so far as he may be able to distinguish which is his. This doctrine applies to money * * * in the bank."

■■ Therefore, the question arises as to whether the evidence establishes that all or part of the $7,000 deposit made in the Pawnee bank on March 16, 1955, was actually trust or partnership funds. If the evidence establishes that all or part of the $7,000 was partnership or trust funds, it would be incumbent upon Boroughs to distinguish what was actually his personal funds. In considering this issue we must be mindful that no third persons are involved and that the degree of identification required in an action between cestui and trustee is far less than that required where the rights of third persons are involved. We also must be mindful the modern view is that sufficient proof to trace trust funds has been produced when the cestui shows the particular fund into which the trust fund has gone, such as the individual bank account of the trustee. See Ayers v. Fay, 187 Okl. 230, 102 P.2d 156.

■ In considering the admissions made by Boroughs that he deposited trust funds in the Pawnee bank and had no other bank account, and Boroughs being unable to prove or distinguish any personal funds deposited in the Pawnee bank, we can only conclude and hold that the account in the Pawnee bank was trust funds. And the evidence is sufficient to clearly establish that part of the mortgage indebtedness was paid from the account in the Pawnee bank.

The question then arises as to whether the cestui (Whitley) has an equitable lien upon the homestead property under the circumstances in this case. In this connection, Boroughs contends that a judgment lien does not attach to a homestead.

■ Article XII, Sec. 2, of the Constitution provides that the homestead is protected from the forced sale for the payments of debts, except for the purchase money thereof or a part of such purchase money. Without question, when the Gordons deeded the land in question to the Boroughs, and the Boroughs assumed and agreed to pay the mortgage indebtedness, the assumption and agreement to pay the mortgage indebtedness constituted purchase money or part of the purchase money for the property involved. In this connection, the Boroughs did not attempt to show, nor do they contend on appeal, that such assumption and agreement did not constitute purchase money or part of the purchase money for the property involved.

■ In the case of Cameron v. Cameron, 90 Okl. 293, 217 P. 1033, 1034, we held:

"Where a trustee wrongfully mingles trust funds with individual funds, and any portion of the intermingled funds can be traced into a particular piece of property purchased out of such mingled fund, the cestui que trust has a lien upon the property purchased for the amount of the trust fund misemployed but the cestui que trust is not entitled to be adjudged the equitable owner of the property."

■ We therefore hold the trial court did not err in adjudging and decreeing that W. W. Whitley had an equitable lien upon the homestead property of the Boroughs in the sum of $1,459.77.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON and BERRY, JJ., concur.