405 P.2d 913

**Perry W. HURST and Estelle V. Hurst, his wife, Appellants,**

**v.**

**Lee J. HURST and Ilah A. Hurst, his wife, Appellees.**

**No. 2 CA–CIV 9.**

Court of Appeals of Arizona.

Sept. 22, 1965.

Rehearing Denied Oct. 6, 1965.

Review Denied Dec. 1, 1965.

Hughes & Hughes, Phoenix, John C. Hughes, Phoenix, of counsel, for appellants.

John C. Haynes, Jr., and Harry H. Haynes, Tucson, John C. Haynes, Jr., Tucson, of counsel, for appellees.

HATHAWAY, Judge.

On the petition for rehearing as to which a second oral argument was had, we have reconsidered this matter in the light of a more complete record. We conclude that a different result is required.

A brief chronological calendar of the history of this litigation is essential to a proper understanding of the problems involved in this appeal:

| | |
|---|---|
| Complaint filed | June 11, 1954 |
| Receiver appointed | February 27, 1957 |
| Judgment (appealed from in first appeal) | February 21, 1958 |
| Order confirming receiver's sale | April 14, 1958 |
| Decision on first appeal | October 15, 1959 |
| Judgment | December 29, 1960 |
| Judgment and order distributing partnership assets (appealed from in second appeal) | March 14, 1961 |
| Notice of appeal | April 14, 1961 |

There have been two trials in the lower court and appeals taken from the judgments therein rendered. Our Supreme Court has commented on the highly confused record

in this case, which has simmered for eleven years.[1] The record became more confused on the second appeal.[2]

This case has taken on the proportions of a 1,000-piece jigsaw puzzle with several pieces missing in the record before us. We have undertaken to examine the entire record of all proceedings, judgments, and orders in order to supply the missing pieces. This "sifting and sorting" was for the further purpose of determining what matters had become res adjudicata since the first appeal.

We shall reconsider the errors alleged by appellants in the same order as they appeared in our opinion filed April 28, 1965.[3]

## SALE OF PARTNERSHIP PROPERTY

■ Appellants have called to our attention the fact that, although the order confirming the sale of partnership property was embodied in the abstract of record on the first appeal, the sale occurred after the judgment from which the first appeal was taken. We agree that the propriety of the conduct of the sale was not required to be raised on the first appeal since the question arose subsequent to the judgment appealed from.

■ We still hold, though for a different reason, that appellants are barred from raising the question. The order confirming the sale was a final order from which an appeal lies. A.R.S. § 12–2101, subsecs. C and E, as amended; Shortle v. McCloskey, 38 N.M. 548, 37 P.2d 800, 801 (1934); see Redman v. White, 85 Ariz. 82, 84, 331 P.2d 1096 (1959).[4] Other cases holding that an order confirming a judicial sale has the requisite finality to be an appealable order are Sage v. Central R. Co., 96 U.S. 712, 24 L.Ed. 641, 643 (1878); Vann

v. Union Cent. Life Ins. Co., 79 Okl. 17, 191 P. 175, 177 (1920); Brady v. Ford, 184 Wash. 467, 52 P.2d 319, 320 (1935); Poole v. McEntire, 209 Ga. 659, 75 S.E.2d 20, 23 (1953). The order confirming the sale was entered on April 14, 1958, and the appeal was filed four years later. Notice of appeal from the order should have been filed within 60 days from the date of its entry. 16 A.R.S. Rules of Civil Procedure, Rule 73(b) as amended. Since the perfecting of an appeal within the prescribed period is jurisdictional, Murphey v. Gray, 84 Ariz. 299, 307, 327 P.2d 751 (1958); Harbel Oil Co. v. Steele, 80 Ariz. 368, 370, 298 P.2d 789 (1956), we hold that the appeal from the order confirming the sale was not timely brought and appellants are precluded from attacking the validity of the sale.

## ALLOWANCE OF SALARY

For the reasons set forth in our original opinion concerning the allowance of salary to Lee Hurst, we reiterate that an allowance of $6,000 per year for 1951 and 1953 is affirmed. The sum of $12,000 for salary is a partnership obligation.

## VALUE OF APPELLANTS' SHARE

■ On the second appeal, appellants argued at great length concerning the erroneous computation of the value of their share. This court agreed that appellants were entitled to recover the value as of the date of dissolution, March 31, 1954. Therefore we remanded the matter for a proper determination of value, rejecting both the "sale price" value set by the trial court and the "book" value in the master's accounting report. (The issue of value was not expressly litigated nor was it referred to the master for determination.)

1. Hurst v. Hurst, 86 Ariz. 242, 244, 344 P.2d 1001 (1959).

2. Hurst v. Hurst, 1 Ariz.App. 227, 401 P.2d 232 (1965).

3. Ibid.

4. Order vacating an execution sale was held to be an appealable order.

The first appeal in this case was taken from the judgment entered February 21, 1958 which recited in part:

"It is Ordered, Adjudged and Decreed as follows:

\* \* \* \* \* \*

"12. That the partners each own, and are entitled to, an undivided equal interest in and *to all of the undistributed profits and assets of the partnership,* including the lease on premises farmed, all bank accounts, farming equipment, and any other property or thing that belongs to the partnership; (Emphasis supplied)

"13. That the plaintiffs \* \* \* are entitled to judgment, \* \* \* *for a division of the profits and assets equally between the partners that remain* after the payment of partnership debts and obligations; (Emphasis supplied)

"14. That depreciation is not to be considered in the accounting or division of the assets;

\* \* \* \* \* \*

"16. That the partnership assets be sold \* \* \*; and in the event a bid of either plaintiffs or defendants is accepted by the Court at said time and place, a credit may be allowed toward the purchase price bid to the extent of the interest owned by such successful bidder in the property;

\* \* \* \* \* \*

"18. That the Court retains jurisdiction \* \* \* until a final judgment is entered distributing the proceeds of the above-mentioned sale and any other partnership assets."

The above-quoted provisions of the judgment when read together are capable of but one construction. The plaintiffs were awarded one-half of the then-existing partnership property, after payment of partnership obligations, and nothing remained to be done other than liquidation of the assets and distribution of the proceeds in equal shares. Examination of appellants' briefs filed in the first appeal discloses no assignment of error relative to the equal division of partnership assets.

The mandate of the Supreme Court on the first appeal stated that the judgment appealed from was reversed and remanded with instructions (1) to grant a new trial with respect to the issue of "living or managerial" expenses or remuneration owed to appellee, and (2) to modify the judgment by allowing to appellants interest on the value of their share of the partnership assets utilized by appellees after the date of dissolution. Reading these instructions in the light of the written opinion of the court, we interpret this to mean that in all other respects the judgment was affirmed. The appellants' interest in the partnership property had been finally determined in the February, 1958 judgment, and any objection to the determination should have been raised on the first appeal. As stated by our Supreme Court in Paramount Pictures, Inc. v. Holmes, 58 Ariz. 1, 117 P.2d 90, 91 (1941), quoting from Arizona-Parral Min. Co. v. Forbes, 16 Ariz. 395, 146 P. 504, 506 (1915):

"\* \* \*, 'appeals cannot be allowed by piecemeal. There must be an end to them as speedily as the contention of litigants may be advanced and decided. So it is that all questions reserved for review by an Appellate Court must be presented on the first appeal thereafter from a final judgment, or not at all; *for thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly affirmed or reversed will, by implication, be deemed affirmed.*'" (Emphasis supplied.)

Therefore, we retract our holding that the value of appellants' share must be computed as of the date of dissolution. The matter is res adjudicata.

 Since the determination of value is settled, we shall consider the question of certain "unidentified deposits" in appellee's bank account prior to dissolution. Appellee Lee Hurst had deposited both partnership funds and personal funds in his own

personal account. The accounting report prepared for the trial court excluded these unidentified deposits in computing the undistributed cash assets belonging to the dissolved partnership. We hold that this was partially erroneous.

A partner stands in a fiduciary relationship to his co-partner. Smith v. Howard, 76 Ida. 235, 280 P.2d 1060, 1063 (1955); Pacific Atlantic Wine Inc. v. Duccini, 111 Cal.App.2d 957, 245 P.2d 622, 627 (1952); Stowe v. Matson, 94 Cal.App.2d 678, 211 P.2d 591, 594 (1949). If a trustee mixes trust funds with his own, the entire commingled mass should be treated as trust property except in so far as the trustee may be able to distinguish what is his. 54 Am.Jur., Trusts § 256; Boroughs v. Whitley, Okl., 363 P.2d 150, 152 (1961); Ayers v. Fay, 187 Okl. 230, 102 P.2d 156, 161 (1940). The evidence having established that part of the money deposited in Lee Hurst's account was partnership or trust funds, it was incumbent upon the trustee-partner, Lee Hurst, to distinguish his personal funds. Boroughs v. Whitley, supra. He failed to do this and the unidentified deposits for 1951, 1952, and 1953 should have been treated as a partnership cash asset. The amounts involved are:

| | |
|---|---|
| 1951 | $ 295.22 |
| 1952 | 6,952.87 |
| 1953 | 2,408.57 |
| Total | $9,656.66 |

■ The master's accounting report for the year 1954 excluded certain rental income and unidentified deposits. Appellants claim that one-fourth of each should have been included as a partnership cash asset since the partnership was not dissolved until March 31, 1954. However, the trial court's adoption of the report is binding unless shown to be clearly erroneous. 16 A.R.S. Rules of Civil Procedure, Rule 53(h); Smith v. Hovland (9th Cir.), 11 F.2d 9, 13 (1926). The master's exclusion of these amounts as a partnership asset may have been predicated on his determination that they were received subsequent to dissolution. Appellants having failed to show that the master's report was clearly erroneous as to this finding, we will not set it aside.

Inclusion of the above-enumerated unidentified deposits as partnership property requires that the total partnership cash assets be adjusted to $27,043.66. ($17,-387.00 as fixed in the court below plus $9,656.66.)

## INTEREST ALLOWANCE

The judgment entered on December 29, 1960, allowed interest to appellants for a period of 37 months,[5] from March 31, 1954 to February 27, 1957, the date on which the receiver took over the partnership assets. This judgment was appealable as an interlocutory judgment which determined the rights of the parties and directed an accounting. A.R.S. § 12–2101, subsec. G, as amended. Appellants are now precluded from challenging the amount allowed. We will not review, on an appeal from a subsequent judgment (March 14, 1961), a prior appealable judgment (December 29, 1960) from which no appeal has been taken. 5 C.J.S. Appeal and Error § 1496; Martin v. Culpepper, 253 Ala. 412, 44 So.2d 568, 569 (1950); Holiday, Inc. v. Glaser, 121 So.2d 677, 678 (Fla.App.1960). Rule 54(b) of the Rules of Civil Procedure is inapplicable because all claims of the parties in the instant case were adjudicated in the interlocutory judgment of December 29, 1960.

## COSTS

We find no reason to alter our position on the allowance of costs.

## SUMMARY

Having revised our prior decision as herein set forth, no further proceedings are

---

5. In the interests of mathematical precision, we note that accurate computation results in 35 months interest. However the figure of 37 months per se remains unchallenged in the record.

required. The assets of the dissolved partnership total $212,043.66 consisting of: (a) $170,000, the proceeds of the sale of the leasehold and personalty (b) $27,043.66, an account receivable from appellees for partnership cash received and not accounted for, and (c) $15,000, an account receivable from appellants for partnership cash received. The only obligation of the partnership is the $12,000 salary allowance to appellee Lee Hurst, leaving a net balance of $200,043.66. Appellants' undivided half interest in said sum equals $100,021.83. Deduction of the $15,000 account receivable from appellants' interest reduces their distributive share to $85,021.83. Appellants' final distribution is:

| Balance of share in net partnership assets | $ 85,021.83 |
|---|---|
| 37 months interest at 6% on $85,021.83 | 15,729.04 |
| Total | $100,750.87 |

The judgment is modified to allow the sum of $100,750.87 to appellants as their distribution, effective as of March 14, 1961. The distribution shall be effected by crediting appellants with payment in full of the $5,000 due from them on the Conditional Sales Contract dated April 22, 1958 and by crediting the balance of $95,750.87 as the down payment on account of the contract for Sale of Real Estate dated February 25, 1958 whereby appellants agreed to purchase the leasehold property.

KRUCKER, C. J., and MOLLOY, J., concurring.

## ON MOTION FOR REHEARING

HATHAWAY, Judge.

■ On our own motion we are modifying our decision on rehearing, filed September 22, 1965, as to the computation of interest allowed therein to appellants. In all other respects our decision remains the same.

Re-examination of the judgments entered on December 29, 1960 and March 14, 1961 respectively, discloses that the trial court awarded interests to appellants from March 31, 1954 to February 27, 1957. The latter judgment, in addition to specifying the period for which interest was allowed, approved and ratified the master's report wherein interest was computed for 37 months. Appellees did not, either by cross-appeal or otherwise, challenge the correctness of the 37 months figure.

In view of the fact that the trial court ordered the allowance of interest for a specified period, the erroneous computation in the master's report, though accepted and approved in the same judgment, is not binding. Therefore only 35 months interest is to be added to appellants' share and their final distribution is accordingly amended as follows:

| Balance of share in net partnership assets | $85,021.83 |
|---|---|
| 35 months interest at 6% on $85,021.83 | 14,878.82 |
| Total | $99,900.65 |

The judgment is modified to allow the sum of $99,900.65 to appellants as their distribution, effective as of March 14, 1961. The distribution shall be effected by crediting appellants with payment in full of the $5,000 due from them on the Conditional Sales Contract dated April 22, 1958 and by crediting the balance of $94,900.65 as the down payment on account of the Contract for Sale of Real Estate dated February 25, 1958 whereby appellants agreed to purchase the leasehold property.

The time requirements of Rule 47(a) [1] as to rehearing shall commence from notice of this supplemental decision, so that its issuance will not prejudice the right of review of the parties to this appeal.

KRUCKER, C. J., and MOLLOY, J., concurring.

1. VIII. Rules of Court of Appeals, Rule 47 of the Rules of the Supreme Court of Arizona, 17 A.R.S.