422 P.2d 731

**Gladys Gloria FOSTER, Individually, and as Executrix of the Estate of Harry T. Foster, Deceased, Appellant,**

**v.**

**Harry F. AMES, Appellee.**

**No. 2 CA–CIV 92.**

Court of Appeals of Arizona.

Jan. 19, 1967.

Review Denied Feb. 28, 1967.

**2**

Moore, Vlahovich, Greenwood, by Daniel E. Moore, Bisbee, for appellant.

Riley & Allen, by Richard J. Riley, Bisbee, for appellee and receiver.

KRUCKER, Judge.

We have granted argument on rehearing in this action to consider again the appellant's contentions that the proceedings conducted in the lower court deprived the appellant of property without due process, in violation of article 2, § 4, Constitution of Arizona, A.R.S., and the 14th Amendment to the Constitution of the United States. In our previous opinion (3 Ariz.App. 206, 412 P.2d 888 (1966)), we had disposed of the assignments of error revolving around this question by a quotation from 75 C.J.S. Receivers § 243b(1), at p. 871 as follows:

"In accordance with the difference of opinion as to the necessity of notice of applications to a court by its receiver for instructions or directions, * * * there is authority, on the one hand, for the view that the confirmation of a receiver's sale should be on notice to the parties who have appeared in the receivership suit, and, on the other hand, that no notice thereof is necessary, since the parties to the suit must take notice of motions made therein."

On further consideration, we believe the position of the appellant is deserving of further analysis and that the quotation given above was not dispositive of the questions presented.

A brief review of the procedural steps taken to bring the matter of the sale of these partnership assets before the court is as follows:

After a trial to the court without a jury the court rendered a written judgment on July 15, 1963, which provided, inter alia:

"(5) That Everett J. Jones, Sr., 561 10th Street, Douglas, Arizona, be, and he is hereby, appointed Receiver of the assets of said business for the purposes of effecting said sale, * * *; *all offers or bids for said assets to be in writing and the terms of said offer to be set out in full, and all offers shall be brought into Open Court on the 5th day of August, 1962 at 10:00 A.M., and that the sale be made in Open Court after an opportunity is given for open bidding; the sale to be made to the highest and best bidder and approved by the Court.*" (Emphasis added)

■ The foregoing judgment was approved as to form by the appellant's counsel. The notice published in a local paper indicated the time and place of sale specified in the judgment and concluded with:

"The Court will confirm the sale to the person who makes the highest or best offer for the business."

The appellant complains that this published notice of sale indicated that all the assets of the partnership business would be sold, including "certain bank accounts." At the time of the sale in court on August 5, 1963, the court made the determination that the bank account should not be sold but should be retained by the receiver as a liquidated asset. If there was any defect in notice arising from this decision by the court, we believe it to have been cured by the fact that the highest written bid received as a result of the publication was the sum of $3,926.00, whereas the final price derived from open bidding in court, when it was clearly understood that the bank account in the sum of $2,840.00 was not included, was the sum of $4,650.00.

At the hearing on August 5, 1963, the court made the following minute entry order:

"IT IS ORDERED; that Mr. Harry F. Ames has the highest and best bid, and that the said sale be confirmed to him. Mr. Riley, counsel for the Receiver to prepare the Order Confirming Sale."

On August 6, 1963, a proposed form of "order" was filed with the court and a copy mailed to the appellant's counsel. The appellant filed written objections to this proposed order on August 9, 1963, and on August 13, 1963, the court signed a written "order" providing, inter alia:

"1. That the assets of the partnership, with the exception of the partnership bank accounts, be sold to the plaintiff, Harry F. Ames, for the sum of $4,650.00. If the State Department of Liquor Licenses and Control approves the transfer of the 'person to person' transfer of the #6 License to him.

\*　　\*　　\*　　\*　　\*　　\*

"3. If the transfer is not approved then the said sum of $4,650.00 cash shall be returned to Harry F. Ames."

■ The appellant complains that she was not permitted to examine the receiver at the hearing on August 5, 1963, and was not permitted to testify herself as to whether the lessor of the property where the partnership business was conducted was willing to continue with the lease, it being known by the parties that the rental under the lease was several months delinquent. It is well-established law that the exclusion of testimony is not ordinarily error unless an offer of proof be made. Musgrave v. Karis, 63 Ariz. 417, 163 P.2d 278 (1945); Williams v. Long, 1 Ariz.App. 330, 402 P.2d 1006 (1965). An examination of the transcript of the August 5 hearing indicates that the closest approach to any such offer of proof was when appellant's counsel said:

" \* \* \* our information obtained from Mr. Jones [the receiver] was to the effect that the lessor said she would not

rent at the prior rent, at one hundred and sixty-five dollars a month. \* \* \* "

Such testimony, if given, would not have been of the type that would tend to increase amounts bid at the open sale in court. The trial court indicated that it would permit this line of inquiry, providing that any of the bidders present were interested in the testimony. None of the bidders present indicated any interest, and the appellant at no time stated that she herself was a prospective purchaser at the sale. Under these circumstances, we can see no reversible error. Moreover, in view of the fact that an order was entered confirming the sale, on either August 13 or September 18, 1963, from which no appeal was taken, we believe that any error made in this regard cannot be raised in the instant appeal. Hurst v. Hurst, 1 Ariz.App. 603, 405 P.2d 913 (1965).

The appellant makes no claim that there was any procedural defect in the manner of the entry of the August 13th order. However, on September 18, 1963, a verified petition was filed by the receiver stating that the transfer of the liquor license to the buyer had been received and asking that the court enter an order "confirming" the sale. Ex parte, the court signed an order confirming the sale and directing the clerk of the court to deliver over the purchase price to the receiver. The appellant received a copy of this petition and order after the signing thereof, and on October 14, 1963, filed objections to the report and account of the receiver and petition for distribution, which had been made on October 3, 1963. The objections so filed *included the objection that the entry of the order confirming sale on September 18, 1963,* without notice to the appellant was a violation of due process.

■ From the foregoing, we conclude that "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

afford them an opportunity to present their objections" was given. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).

Whether the written order of August 13, 1963, or the written order of September 18, 1963, was the "judgment" confirming sale, from which an appeal should have been taken, Hurst v. Hurst, supra, we reach the same result. It is at least arguable that the August 13th order was one falling within the classification of:

"* * * any special order made after final judgment,".

A.R.S. § 12–2101, subsec. C. See Paradise Valley Water Co. v. Arizona Corporation Com'n, 92 Ariz. 391, 377 P.2d 768 (1963).

■ As to the September 18, 1963 order, if this be the final order from which an appeal should have been taken, we do not believe the failure to set the petition for confirmation for hearing or to submit the form of this "judgment" to opposing counsel for approval, as required by Rule 58(d), Arizona Rules of Civil Procedure, 16 A.R.S., makes the order fatally defective, in view of the procedural history recited above. The appellant makes no contention that the approval of the liquor license transfer was not secured by the buyer, this being the only contingency expressed in the order of August 13, 1963. The appellant had had her day in court as to whether this sale should be confirmed; and an additional hearing to determine a fact (whether there had been a transfer of the liquor license), which the appellant admits had occurred, would have been futile. We do not believe that due process requires futile things.

■ As to the failure to submit the form of judgment and to delay five days before the execution thereof, as required by Rule 58(d), Arizona Rules of Civil Procedure, 16 A.R.S., we believe the law to be that this defect is not jurisdictional, and

unless prejudice can be shown, is not reversible error. Arizona State Retirement Board v. Gibson, 2 Ariz.App. 609, 411 P.2d 47 (1966).

The lack of prejudice, in the final analysis, is the essence of the appellant's failure to show any good reason to this Court why the judgment below should not be affirmed.

Accordingly, the motion for rehearing is denied.

MOLLOY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.