In re EAGLE STEAM LAUNDRY CO. OF QUEENS COUNTY.

(District Court, E. D. New York. February 8, 1911.)

1. BANKRUPTCY (§ 72*)—PERSONS SUBJECT TO ADJUDICATION—LAUNDRY CORPORATION.

Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), prior to amendment by Act Cong. June 25, 1910, c. 412, 36 Stat. 838, conferred no jurisdiction on the bankruptcy court to declare a corporation organized to operate a laundry a bankrupt and to administer its property.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. BANKRUPTCY (§ 469*)—PROCEEDINGS—DISMISSAL—FEES TO TRUSTEE'S ATTORNEY—DISBURSEMENTS.

Bankruptcy proceedings having been instituted against a laundry corporation. a receiver was appointed, and the bankrupt's property sold. After ratification of the sale, an alleged lien creditor applied to dismiss the bankruptcy proceedings for want of jurisdiction. This application having been granted, the attorney for the trustee secured a judgment against the corporation, on which execution was issued, and a receiver appointed, and he demanded the funds of the estate from the trustee in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankruptcy. The creditor objecting to the bankruptcy proceedings proved no claim in bankruptcy, but had a general debt which had not become a lien on the property. *Held*, that an order granting an allowance out of the proceeds of the property to the trustee's attorney was unsustainable for want of jurisdiction, beyond actual disbursements and compensation for services rendered in the necessary preservation of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 469.*]

In the matter of bankruptcy proceedings against the Eagle Steam Laundry Company of Queens County. On proceedings for the allowance of fees for the services of the trustee's attorney, and for other disbursements in the administration of the estate. Petition denied, except as to actual disbursements and compensation for services rendered in the necessary preservation of the estate.

See, also, 178 Fed. 308.

Wyckoff, Clarke & Frost, for Ellen Meaney.

Robert McC. Robinson, for trustee.

CHATFIELD, District Judge. The property belonging to the above-named corporation was in the hands of officers of this court for some time, and was sold by its direction; the proceeds from this sale being still in the possession of the trustee. Upon the 11th day of August, 1910, an order was made directing the trustee to pay out of this fund certain amounts for the services of his attorney and other disbursements in the administration of the estate. Shortly previous thereto the present petitioner, who had made claim to the entire property of the corporation, under a chattel mortgage which was held invalid by this court, moved to dismiss the proceeding, upon the ground that this court had no jurisdiction in bankruptcy over a corporation engaged in the occupation and with the powers of the Eagle Steam Laundry Company.

Under the decisions of the higher courts, this objection had to be sustained, and, although the question may have been open (some cases having held that jurisdiction existed) at the time the petition was filed and the adjudication in bankruptcy was originally made, nevertheless at the time the objection was raised it was conclusively established that, before its amendment in 1910 (Act June 25, 1910, c. 412, 36 Stat. 838), the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) conferred no jurisdiction whatever over such corporations. The receiver and trustee in bankruptcy, therefore, had but a de facto possession, and no title, and the sale of the bankrupt's property, while capable of ratification, should not have taken place. But ratification did occur. Both the purchaser and the bankrupt corporation, and all of the various parties to the proceedings, acquiesced in that sale. The proceeds thereof were admittedly within the control of this court for distribution, and the present petitioner, as has been said, claimed them from this court as payable upon her mortgage.

After the dismissal of the bankruptcy proceedings, the attorney for the trustee secured a judgment against the corporation, upon which

execution was issued and a receiver appointed, and this receiver has demanded from the trustee in bankruptcy the funds of the estate.

The petitioner, Ellen Meaney, has also brought suit against the trustee as an individual, for the money in his hands, and it is unnecessary to consider here the various defenses which the trustee may have against an attempt to hold him personally, as the proceedings were justified by a judicial interpretation of the statute, up to the time when the trustee's attention was called to the alleged defect in jurisdiction.

The petitioner, Ellen Meaney, proved no claim in bankruptcy, has but a general debt, which as yet has not become a valid lien upon the property in question, and the receiver appointed in the County Court of Queens county has at least an equitable lien, by virtue of his appointment, under a valid and subsisting judgment. Under these circumstances, the application of the petitioner to have the allowance to the trustee's attorney set aside must be granted, as to everything beyond actual disbursements and compensation for services rendered in the necessary preservation of the estate.

The attorney for the trustee and the judgment creditor for whose benefit the receiver has been appointed, however, being the same individual, the trustee may be liable to turn over to this receiver the balance of the fund, if ordered to do so by a court having jurisdiction. This court can do nothing beyond protecting the trustee in what he did under an apparently well-based, but really unfounded, exercise of jurisdiction.