[Civil No. 3660.   Filed October 11, 1937.]

[72 Pac. (2d) 444.]

WILLIAM McRAE, Petitioner, Appellant, v. B. H. DODT, Receiver, Appellee.

Mr. A. S. Gibbons, Mr. Richard F. Harless, and Mr. William McRae, for Appellant.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Appellee.

LOCKWOOD, J.—This is an appeal by William McRae, hereinafter called petitioner, from a judgment of the superior court of Maricopa county, denying him compensation for certain services which it is alleged he performed as trustee in bankruptcy for Security Building & Loan Association, a corporation, hereinafter called the company. The petition alleges substantially the following facts:

On the 29th day of September, 1932, the company was adjudicated a bankrupt corporation in the United States District Court for the District of Arizona, and the matter was sent to the referee in bankruptcy. On the 25th day of October, at a meeting of the creditors regularly called and held in Phoenix, petitioner was duly chosen as trustee in bankruptcy and immediately qualified thereafter, and from such date until about the 2d day of March, 1934, had in his possession, sub-

338

ject to the orders of the United States District Court, pursuant to such appointment as trustee in bankruptcy, the assets, books, records, and files of the company. During such period, acting under the orders of the United States District Court aforesaid, he continued to hold, manage, preserve, and protect such assets, performing various and sundry services which are more fully set forth in his petition. An allowance was made to him by the bankruptcy court, on account of his fee for services as trustee, of $600, which was duly paid, but petitioner claims that a reasonable fee for the services rendered by him would be the sum of $2,600, and he, therefore, petitions that the superior court allow and pay to him the further amount of $2,000 for his services as trustee in the bankruptcy proceeding.

Were we to confine ourselves to the allegations of the petition alone, the first question which would occur to us is why a trustee in bankruptcy, acting under and by authority of the federal District Court, should appeal to a superior court of the state of Arizona for payment of his fees for services rendered under the direction of the federal court. On a careful reading of the petition, however, it appears that somehow and for some purpose the United States Circuit Court of Appeals rendered a judgment which, for some reason not set forth in the petition, terminated petitioner's services, and that in some manner B. H. Dodt became the receiver of the company estate under the jurisdiction of the superior court of Maricopa county, the precise manner not appearing in the petition. The receiver, however, in his objections to the allowance requested by petitioner, alleges certain facts which, to some degree at least, clear up the situation. From these objections, we may perhaps conclude that it was that the adjudication of bankruptcy made by the District Court was null, void, and of no effect, and that,

therefore, there was no authority in said District Court to appoint the petitioner as trustee and that he was not entitled to any fees under a void appointment. The further objection was made that petitioner was never bound by nor subject to the orders of the superior court, but was appointed by the federal District Court, and rendered all his services under the jurisdiction of that court, and that, therefore, the superior court had no jurisdiction to allow him fees. It was also claimed that he had asked for fees in the federal court, and the federal court refused to allow him any compensation on the ground his appointment was null and void.

There was reference made in both the petition and the objections to some kind of an appeal from the District Court to the United States Circuit Court of Appeals for the Ninth Circuit and the judgment rendered therein. We think state courts should take judicial notice of the formal judgments of the Circuit Court of Appeals when the same are duly made public, and we therefore assume that such judgment was considered by the superior court in making its ruling. The judgment and opinion referred to appears in the case of *Security Building & Loan Assn.* v. *Spurlock,* 65 Fed. (2d) 768. From the opinion it appears that the following facts existed: A petition for an involuntary adjudication of bankruptcy of the company was filed in the District Court of Arizona on the 5th of January, 1932. This petition alleged that the company was a building and loan association. On February 13, 1932, an amendment of the federal Bankruptcy Act went into effect which, in substance, stated that building and loan associations were not subject to the act (11 U. S. C. A., § 22). A motion was thereafter made to dismiss the petition in bankruptcy on the ground that it alleged the company was a building and loan association and, if such were the fact, it

was not subject to the act. The trial court announced that the petition would be dismissed unless it was amended within ten days. An amendment was filed by certain creditors, alleging the company was not a building and loan association, and, upon the trial of the issue, the court sustained this allegation. If the finding of the court was correct, the company was subject to the Bankruptcy Act and the court had the jurisdiction to adjudge it a bankrupt. An appeal was taken to the Circuit Court of Appeals of the Ninth Circuit, and that court, after reviewing all the facts, held that the company was a building and loan association and, therefore, not subject to the Bankruptcy Act, and that the order of the District Court adjudging it to be a bankrupt and assuming jurisdiction over its affairs was erroneous. The District Court, we naturally assume in pursuance of said judgment, thereafter surrendered jurisdiction over the company to the superior court of Maricopa county, where a receiver, B. H. Dodt, took possession and charge of the company affairs.

The question before the superior court on the petition herein therefore was, May a state court, under whose jurisdiction a receiver is in charge of a corporation, make an allowance of fees to one who performed services as a trustee in bankruptcy, appointed by and acting solely under the jurisdiction of the federal court in bankruptcy proceedings, when it is finally determined by the federal court that it had no jurisdiction of the bankruptcy proceeding, on the ground that the alleged bankrupt was not subject to the Bankruptcy Act?

It would seem that a mere statement of the facts of this controversy would carry with it the answer to the question. The usual rule is that any person who claims compensation for services per-

formed, under the direction and by authority of a court, must make application to that court for his compensation, and not to some other court which, acting under a different government, had never ordered nor controlled the services. The theory upon which petitioner apparently proceeds is that, where a conflict arises between two courts of concurrent jurisdiction and a receiver appointed by one court acquires jurisdiction of the *res,* if such jurisdiction is improperly interfered with by a court acting under another jurisdiction, which also appoints a receiver who performs services in the preservation of the estate, if the property be eventually returned to the first court, the receiver appointed by the second has a right to compensation for his services in the preservation of the estate, which should be paid out of the estate of the insolvent. In support of this proposition we have been cited to the cases of *Palmer* v. *Texas,* 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; *Harkin* v. *Brundage,* 276 U. S. 36, 48 Sup. Ct. 268, 72 L. Ed. 457; *Ferguson* v. *Dent,* (C. C.) 46 Fed. 88; *In re Eagle Steam Laundry,* (D. C.) 184 Fed. 949. We think counsel for petitioner has misunderstood the holding in *Palmer* v. *Texas* and *Harkin* v. *Brundage, supra.* The only similarity between the facts of those cases and of the present one is that in all three cases a state court had first obtained jurisdiction of the property and it was then taken over by the federal court, and afterwards returned to the state court. But in both of the cases cited the reason why the property was returned to the state court was not that the corporation and the issues involved therein were not within the jurisdiction of the federal court. On the contrary, the Supreme Court of the United States held in both of the cases that the federal court did have jurisdiction of the subject matter, but that such jurisdiction was not exclusive, but merely concurrent with that of

the state court, and returned the property to the state court, because it had first obtained jurisdiction and possession of the *res*. Further, even in such a case it was held that any compensation earned by the receiver acting under the orders of the federal court should be fixed and paid by that court, and not by the state court, before the *res* was surrendered to the state court. If, therefore, in the present case the federal court had had concurrent jurisdiction with the state court to take the jurisdiction of the company and its property as it did, but was ordered by the Circuit Court of Appeals to return it solely because the state court had first obtained jurisdiction thereof, it would have been proper for the federal District Court to make an allowance to petitioner for a reasonable fee for his services in preserving the *res* and to pay it before returning the property to the state court. It is true that in *Re Eagle Steam Laundry, supra,* the court allowed a trustee actual disbursements and for services connected with the preservation of the estate when it had no jurisdiction to adjudicate the bankruptcy. No authorities are cited supporting this holding, nor is there any reasoning sustaining it. And even there the allowance was made by the court which appointed the trustee. The cases cited are certainly no authority for the doctrine that under any circumstances the state court should have allowed and paid a fee for services rendered under the order of the federal court. The decision of the Circuit Court of Appeals, in the present case, was not that the property should be returned, notwithstanding that the federal court had jurisdiction to adjudge the company a bankrupt, because the state court had first taken jurisdiction of the *res,* but that the federal court never had any jurisdiction whatever of the subject matter, regardless of any action on the part of the state court. We know of no case which

holds that one who performs services under an order of a court which lacks jurisdiction of the *res* is entitled to recover a fee for his services from the *corpus* of the estate involved. Under such circumstances, the logical and equitable rule is the same as that which applies when one has performed services at the request of an agent who acts without any authority, apparent or real, from his alleged principal. It is the agent who is responsible for the services, not the principal. It is generally held, therefore, that where a receiver is appointed at the request of certain parties and the appointment is without legal authority and void, that the expenses of the receivership are chargeable to those parties at whose instance the receiver was appointed, and not to the receivership fund. *Couper* v. *Shirley,* (C. C. A.) 75 Fed. 168; *Grant* v. *Los Angeles & P. R. Co.,* 116 Cal. 71, 47 Pac. 872; *Bowman* v. *Hazen,* 69 Kan. 682, 77 Pac. 589; *State* v. *People's etc. Bank,* 197 Mo. 605, 95 S. W. 867.

To sum up, if petitioner's appointment by the federal court was merely erroneous, and not void on account of lack of jurisdiction, his remedy was to apply to the federal court which appointed him to fix and pay his compensation before it surrendered the *res,* as was done by the court in *Palmer* v. *Texas,* and *Harkin* v. *Brundage, supra.* If, on the other hand, the action of the federal court was not merely erroneous but without jurisdiction, his remedy is against those at whose request he was appointed, and not against the estate of the insolvent.

There are some other matters suggested by petitioner, but we think, in view of what we have said, it is not necessary to discuss them.

The order of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.